UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERRY SOMERSET,

               Plaintiff,

-against-

PARTNERS PHARMACY, LLC,

               Defendant.

20-CV-1241 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question and diversity jurisdiction. By order dated February 13, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the following reasons, the complaint is dismissed.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff resides in New Jersey. Defendant Partners Pharmacy is located in New Jersey. Plaintiff sets forth the following allegations:

> Partners Pharmacy, LLC intentionally mislead in by using my vehicle to transport opiate drugs under interstate/intrastate activities in violation to federal and states' regulations. I was intentionally mislead contrary to the Federal False Claims as well as State of New Jersey False Claims Act, Partners Pharmacy, LLC used my vehicle for the purpose of providing controlled substance to federally fund medical facilities, which substance influence the opiate epidemic and National Health around the United States. I suffered emotional distress, lost [sic] of income, the unlawful taking of my vehicle by Partners Pharmacy, LLC.

(ECF 1:20-CV-1241, 2.)

Plaintiff seeks $75 million in damages for "loss of human rights," and "as an American with Disabilities" to be "equal."

## DISCUSSION AND WARNING

A review of Public Access to Court Electronic Records (PACER) shows that on the same day that Plaintiff filed this complaint, he filed the identical complaint in the United States District Court for the Eastern District of Pennsylvania.[1] *See Somerset v. Partners Pharmacy, LLC*, No. 20-CV-0078 (E.D. Pa. filed Feb. 10, 2020).

---

[1] Plaintiff mailed this complaint to the Manhattan courthouse, and it was received on February 10, 2020, and assigned docket number 20-CV-1241. Plaintiff mailed the identical complaint to the White Plains courthouse on the same day, without an IFP application or the filing fee, and it was assigned a different civil case number. *See Somerset v. Partners Pharmacy, LLC.*, ECF 1:20-CV-1225, 1 (S.D.N.Y. filed Feb. 10, 2020). The Court dismissed the complaint in 20-CV-1225 without prejudice as duplicative of this case.

Plaintiff has also previously litigated this matter in both state and federal court in New Jersey. *See Somerset v. Elam*, No. DC-06311-15 (N.J. Superior Court) ("*Somerset I*"); *Somerset v. State of New Jersey*, No. 17-CV-993 (D.N.J. Mar. 4, 2019) ("*Somerset II*"); *Somerset v. Partners Pharmacy LLC,* No. 19-CV-19707 (D.N.J. Nov. 7, 2019) ("*Somerset III*").

In *Somerset III*, the court dismissed the complaint on *res judicata*, or claim preclusion, grounds. After laying out the facts and claims raised in *Somerset I* and *Somerset II*, and the reasons why those matters were dismissed, the court held that Plaintiff was attempting to relitigate his claims that the judge who presided over *Somerset I* had violated Plaintiff's rights, and that Partner Pharmacy LLC and other defendants "took advantage of [his] disability and diverted the vehicle to another business, and "that the items transported in the van included illegal opioids."

> It is true that some facts have been added — primarily the allegation that the items transported included illegal opioids. The underlying transactions on which Mr. Somerset sues, however, are precisely the same. The *res judicata* doctrines preclude all claims arising out of the same facts that were or could have been asserted in the prior action. *See Allen v. McCurry,* 449 U.S. 90. 94, 101 S. Ct. 411, 414 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.")

*Somerset III*, No. 19-CV-19707 (D.N.J. Nov. 7, 2019).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue. *See, e.g.*, *Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte*

application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

This action is dismissed on *res judicata* grounds, for the same reasons set forth in the dismissal order issued in *Somerset III*.

## DENIAL OF LEAVE TO AMEND AND WARNING

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

In light of Plaintiff's litigation history, this Court finds that Plaintiff was or should have been aware when he filed this action that his claims are barred under the doctrine of *res judicata. See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements)." The fact that Plaintiff filed this complaint in multiple courts suggests that Plaintiff is attempting to forum-shop. The Court will not tolerate the abuse of its limited resources. Accordingly, Plaintiff is warned that if he continues to abuse the privilege of proceeding IFP by engaging in duplicative or other nonmeritorious litigation, the Court will order him to show cause, under 28 U.S.C. § 1651, why he should not be barred from filing new actions IFP in this Court without prior permission.

# CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed on *res judicata* grounds pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 6, 2020
       New York, New York

                                                  COLLEEN McMAHON
                                          Chief United States District Judge